IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERENCE KEITH JOHNSON, ) | Civ. No. 08-00432 ACK-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHERIFF LEOKANE, ) | |
| RECEPTIONIST, and OAHU WORK ) | |
| LINKS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS**

On September 29, 2008, Terence Keith Johnson ("Plaintiff"), proceeding pro se, filed a Complaint in this Court. On the same date, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP Application"). For the reasons discussed below, the Court sua sponte dismisses the Complaint without prejudice and denies the IFP Application as moot.

**BACKGROUND**

Plaintiff's Complaint consists of one sentence of handwritten text under the heading "Complaint." The sentence states that the Complaint is a "response to [the] order of Judge Barbara P. Richardson, in her dismissal of Ex Partite [sic] Motion to set aside order of dismissal with further counsel to refile in court of choice[.]" See Complaint. The Complaint fails to state

anything further regarding a cause of action or any form of relief sought.

The Court is aware that Plaintiff has filed at least one other complaint in this Court.  See Order Dismissing Complaint Pursuant to 28 U.S.C. § 1915, Johnson v. People's Association et al., Civ. No. 07-00609 JMS-BMK (January 3, 2008).  The Court further notes that Plaintiff has filed similar lawsuits in other federal courts.  See, e.g., In re Johnson, No. 07-1104, 2007 WL 1655363 (4th Cir. June 5, 2007); Johnson v. Suntrust Bank, Nos. 06-2310, 07-1034, 07-1061, 07-1068, 07-1078, 07-1085, 07-1087 to 07-1089, 07-1092 to 07-1096, 2007 WL 1107980 (4th Cir. April 6, 2007).

## **STANDARD**

Litigants who proceed in forma pauperis are subject to dismissal under certain circumstances set out in 28 U.S.C. § 1915.  The court "shall dismiss the case at any time" if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Tripati v. First National Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be

cured by the allegation of other facts.  Lopez, 203 F.3d at 1130; see also Tripati, 821 F.2d at 1370.  Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Tripati, 821 F.2d at 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit demonstrating he is unable to pay such costs or give such security.  See 28 U.S.C. § 1915(a)(1).  In determining whether an applicant is unable to make the necessary prepayment of fees or security, this Court considers whether the applicant's yearly income surpasses the poverty threshold for the state of Hawaii.[1]

### DISCUSSION

The Court is unable to discern whether Plaintiff has a cognizable claim and what relationship any of the Defendants have to any claim.  The Court concludes, therefore, that the Complaint fails to state a claim and is frivolous.

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is

---

[1] The United States Department of Health and Human Services ("HHS") Poverty Guidelines indicate that the poverty threshold for a single individual in Hawaii is $11,960.  See Annual Update of the HHS Poverty Guidelines, 73 Fed. Reg. 3971 (Jan. 23, 2008).

entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Plaintiff lists three separate Defendants in the Complaint, Plaintiff fails to make any factual allegations to sustain a cause of action against any of the Defendants. The Court cannot determine whether Plaintiff is entitled to relief, as he fails to set forth a comprehensible account of what occurred, when it happened, who is responsible, and how federal law was violated. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Moreover, an in forma pauperis complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). As noted above, the Court is unable to determine the factual or legal bases for Plaintiff's claims and the Court concludes that the Complaint is frivolous.

Therefore, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating that the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Because the Court dismisses the Complaint, Plaintiff's IFP Application is moot. Even if it were not moot, the IFP

Application would be denied because Plaintiff has failed to allege facts that would support a finding of poverty with any degree of certainty.  See United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960)) (noting that applicants under § 1915 must demonstrate their poverty with "some particularity, definiteness and certainty").

In his IFP Application, Plaintiff states that he is currently unemployed.  See IFP Application at 1.  Plaintiff receives social security benefits in the amount of $1,177 each month.  Id. at 2.  Plaintiff has $2.50 in cash or in a checking or savings account and receives "minimal petty $" from interest accrued on a checking account with a federal credit union.  Id.  Plaintiff also states that he has a "401(k) Brokerage Rollover Account," followed by the notation "loss."  Id.  The Court construes this to mean that no income is received from such account.  In describing his property owned, Plaintiff lists "MSFT," "HPQ," and "WMT."  Id. at 3.  Although the Plaintiff fails to elaborate on the meaning of these abbreviations, the Court suspects that Plaintiff is referencing the stock market abbreviations for Microsoft (MSFT), Hewlett Packard (HPQ) and Walmart (WMT).  Plaintiff does not elaborate upon the value of any owned stock in these companies or otherwise explain the ambiguous reference to the stock names.

Based on the representations made by Plaintiff in his IFP Application, the Court finds that Plaintiff failed to demonstrate an inability to prepay the costs of initiating this action. Plaintiff is receiving $1,177 in social security benefits each month, an amount that alone would place him above the poverty threshold for the year.[2]  Plaintiff's social security payments, together with possible investment income and a lack of substantial debts or expenses, could constitute sufficient income and assets with which to prepay the costs of initiating this action. Accordingly, Plaintiff's IFP application fails to provide the detailed financial information necessary for the Court to grant <u>in forma pauperis</u> status under 28 U.S.C. § 1915.

Plaintiff is granted leave to file an Amended Complaint no later than November 1, 2008.  If Plaintiff does so, the Court urges him to clearly state a cause of action and the relief he is seeking, and to do so in a legible manner.  If Plaintiff believes that his financial circumstances place him at or below the federal poverty level, then Plaintiff may file a renewed application to proceed without prepayment of fees and affidavit, detailing such circumstances.  Such application must indicate, at a minimum: Plaintiff's income in such a manner that the Court can accurately

---

[2] Plaintiff's monthly social security benefits add up to $14,124 annually.  This amount is $2,164 over the amount designated for the poverty threshold in Hawaii for 2008.  <u>See</u>, <u>supra</u>, footnote 2.

calculate annual income; the value of any stocks, investment property, or other assets owned by Plaintiff; the total amount of cash held by Plaintiff; and any debts or expenses that reduce monthly and yearly income.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES the Complaint without prejudice and DENIES the IFP Application. Plaintiff is granted thirty (30) days to amend his Complaint. If Plaintiff fails to (1) amend his Complaint; and (2) pay the filing fee or file another IFP Application by November 1, 2008, the case will be automatically dismissed.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 9, 2008.



_____
Alan C. Kay
Senior United States District Judge

Johnson v. Sheriff Leokane, et al., Civ. No. 08-00432 ACK-KSC, Order Dismissing Complaint and Denying Plaintiff's Request to Proceed In Forma Pauperis.